## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**STEFAN CAPRI TOLIVER**,

Petitioner,

vs.

Criminal No. 11-20394-1
Civil No. 13-12626
Hon. Gerald E. Rosen

**UNITED STATES OF AMERICA**,

Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

## I. INTRODUCTION

This matter is presently before the Court on Petitioner Stefan Capri Toliver's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Judgment, in which he asserts that he received ineffective assistance of counsel when his attorney failed to advise this Court regarding his mental status at the time of his guilty plea. The Government has responded to Petitioner's Motion. Having reviewed and considered Petitioner's brief and the Government's response thereto, and having reviewed the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local Rule 7.1(e)(2), Petitioner's motion will be decided "on the briefs."

1

## II. FACTS

**A.     Relevant Background**

On April 30, 2012, Petitioner entered a guilty plea on a charge of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a), 846.  (Plea Hearing, Dkt. #129, at 8, 11).  During the plea hearing, the Court extensively questioned Petitioner regarding his capacity to understand the nature of the hearing and his ability to enter into the plea agreement:

> The Court:   Mr. Tolliver, before we begin, I want to make sure that you understand the nature of this proceeding and what I'll be expecting of you, okay?
>
> Petitioner:   Yes.
>
> The Court:   I'm going to be advising you of rights that you have as a defendant charged here in federal court with a serious crime.   It's very important that you understand everything I say to you and every question that I ask you. Okay?
>
> Petitioner:   Yes.
>
> The Court:   So if at any point you don't understand something I say or if you don't understand a question, please ask me to explain it or you can consult with Mr. Magidson [(Petitioner's counsel)] at any point during the proceedings.  All right?
>
> Petitioner:   Yes.

* * *

2

The Court:   Are you taking any medication?

Petitioner:   No.

The Court:   Have you had any alcohol in the past 24 hours?

Petitioner:   No.

The Court:   Any drugs of any kind?

Petitioner:   No.

The Court:   Have you been diagnosed with any serious physical, mental, emotional or psychological illnesses or problems over the last few years?

Petitioner:   No.

The Court:   How do you feel today?

Petitioner:   Fine.

The Court:   Any trouble understanding me?

Petitioner:   No, sir.

The Court:   Any trouble understanding Mr. Magidson?

Petitioner:   No, sir.

The Court:   All right.  I'm going to find you competent and we'll go forward here.  Okay?

Petitioner:   Yes.

(*Id.* at 3-4, 6-7).  The Court also inquired as to Petitioner's opportunity to review the Government's charge against him and the plea agreement, as well as his relationship with his attorney:

3

The Court:   You have Mr. Magidson here with you today.  Have you had an opportunity to review with him the charge that you're pleading guilty to in the indictment, which is Count One, conspiracy to possess with intent to distribute and to distribute controlled substances, specifically, cocaine base and heroine, which is crack cocaine?

Petitioner:   Yes.

The Court:   Has he explained the charge to you?

Petitioner:   Yes.

The Court:   Did you have a chance to ask him questions about the charge?

Petitioner:   Yes.

The Court:   Did he answer those questions to your satisfaction such that you're confident you understand the charge?

Petitioner:   Yes.

The Court:   Did you also have a chance to go over with him the plea agreement that you signed?

Petitioner:   Yes.

The Court:   Did he go over with you all of the provisions?

Petitioner:   Yes.

The Court:   Did you have a chance to ask him about the plea agreement, questions about the plea agreement?

Petitioner:   Yes.

The Court:   Did he answer those questions to your satisfaction?

Petitioner:   Yes.

| | |
|---|---|
| The Court: | Are you confident that you understand all of the terms of your plea agreement? |
| Petitioner: | Yes. |
| The Court: | Are you satisfied with the advice that Mr. Magidson has given you in this case? |
| Petitioner: | Yes. |
| The Court: | Are you satisfied with his representation of you? |
| Petitioner: | Yes. |
| The Court: | Do you have any complaints about Mr. Magidson that you want to bring to my attention before we go forward here with your guilty plea? |
| Petitioner: | No. |
| The Court: | Okay.   I assume from your answers then that you're satisfied to have Mr. Magidson represent you here today as you tender a guilty plea; is that true? |
| Petitioner: | Yes. |

(*Id*. at 9-10).

Following the entry of the guilty plea, the probation department interviewed Petitioner for preparation of the Presentence Report (PSR).   (PSR, at 4-17). Petitioner provided detailed information to his probation officer regarding a variety of matters, including the background of his charge and conviction, his criminal and substance abuse history, and his mental and emotional health.   (*Id*.).   At this time, Petitioner disclosed that he suffered from anxiety and depression, but did not

mention that he was taking any medication. (*Id*. at 12). Petitioner also underwent a drug screen, which was negative. (*Id*.).

Two months after his guilty plea, in July 2012, Petitioner was admitted to Detroit Receiving Hospital, where he was treated for -- and was prescribed medication for -- depression. (Pet'r Sentencing Memo., Dkt. # 132, at 2-3). At the sentencing hearing on October 9, 2012, his attorney discussed Petitioner's hospitalization. He also highlighted Petitioner's current medication regimen:

> I'm asking the Court to send him to [a] facility that he can get the drug treatment that he needs. . . . So right now, he is on medication. He's taking four medications to control his hallucinating, some chronic depression. He's got anxiety, he's taking four different medications.

(Dkt. # 150, at 8). At the conclusion of the sentencing hearing, the Court sentenced Petitioner to, among other things, 100 months of imprisonment.

## B.   Petitioner's Motion

Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Judgment under 28 U.S.C. § 2255, asserting ineffective assistance of counsel. He claims that he took anti-depressant medications prior to the plea hearing and as a result was unable to focus and comprehend the consequences of his guilty plea -- that he was "in a 'fog'" and was "groggy." (Pet.'s Mtn., Dkt. #166, at 11, 12-13). Petitioner alleges that his attorney knew this, but "did not advise the Court that [Petitioner] was prescribed and had taken [these] psychotropic medications [and] instead

indicat[ed] only that [Petitioner] was competent to enter a guilty plea." (*Id.* at 9, 12). He also claims that he has "since secured a letter from [his] psychologist indicating . . . the common side effects caused by the several medications [he] was taking and what impact . . . these medications had upon [him] on the day of [his] Plea Colloquy hearing." (*Id.* at 13). Petitioner did not attach this letter. As set forth below, Petitioner's Motion is belied by the record evidence.

## III. DISCUSSION

### A.    Applicable Standard

To show that Petitioner's attorney denied him effective assistance of counsel under federal constitutional standards, he must satisfy a two-prong test. This two-pronged test was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.* However, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

7

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id*. at 690. A reviewing court's scrutiny of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment. *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006); *Morales v. Mitchell*, 507 F.3d 916, 930 (6th Cir. 2007). With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.

The Sixth Circuit has emphasized, however, that a criminal defendant "is not entitled to the most canny lawyer available, only an adequate one." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Simply alleging that an attorney was inadequate is not enough to warrant relief. "[T]he threshold issue is not whether [a petitioner's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *Id*. at 229 (emphasis in original). In other words, "[c]ounsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *Id*.

**B.    Petitioner has not demonstrated that he was afforded ineffective assistance of counsel**

The factual record in this matter contradicts Petitioner's allegations as to his counsel's performance. There is no evidence in the record that the Petitioner was on medication at the time he entered the plea. In fact, the evidence tends to show just the opposite. This Court found Petitioner competent during the plea hearing. During the Court's extensive colloquy with Petitioner, *he* -- not his counsel -- expressly represented that he was not taking any medication, had not taken any drugs of any kind in the previous 24 hours, and that he did not have any trouble understanding the proceeding. He did not disclose to his probation officer that he was on medication and his subsequent drug screen was negative. At no point during the Plea Hearing or Sentencing Hearing did Petitioner indicate (or act in a manner that would suggest) that he did not understand, that he was confused, or that he was unhappy with his counsel's performance.

Accordingly, there is no factual evidence of the Petitioner taking medication *before* the plea hearing, and therefore, counsel did not make an error so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. It was not unreasonable for Petitioner's counsel to rely on Petitioner's representations in Court and this Court's determination as to Petitioner's competency to enter into the plea agreement. Given the deferential standard and presumption of adequate assistance of counsel, Petitioner's attorney

9

was not acting "outside the wide range of professionally competent assistance." *Id.* at 690.[1]  Petitioner's Motion is therefore DENIED.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85, (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.  *Id.* at 336-37.  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the Petitioner cannot establish deficient performance under *Strickland*'s first prong.  Therefore, the Court denies a certificate of appealability.

---

[1] Because Petitioner cannot establish deficient performance, this Court need not examine the prejudice prong. *Strickland,* 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

10

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Stefan Capri Toliver's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct his Sentence [Dkt. # 166] be, and hereby is, DENIED.

IT IS FURTHER ORDERED that this § 2255 action is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

**IT IS SO ORDERED.**


Dated:  April 21, 2014                    s/Gerald E. Rosen
                                          Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2014, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5135

11